UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA,

                  Plaintiff,

  -against-

SIMA COE et al.,

                  Defendants.
---------------------------------------------------------------X

OPINION AND ORDER[1]
22 Civ. 8435 (ALC) (GWG)

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiff Guardian Life Insurance Company of America ("Guardian") initiated this action by filing an interpleader complaint related to four insurance policies insuring the life of Dr. Vladimir Zelenko ("Decedent"). See Interpleader Complaint, filed Oct. 3, 2022 (Docket # 1) ("Compl."); First Amended Interpleader Complaint, filed Dec. 1, 2022 (Docket # 9) ("Am. Compl."). Guardian has since been dismissed as a party. See Agreed Order Directing Clerk to Disburse Fees to Guardian and Dismissing Guardian from Action, filed Jan. 23, 2024 (Docket # 109) ("Guardian Dismissal Order"). The only remaining dispute relates to two crossclaims among the interpleader defendants seeking the proceeds from one of the Decedent's policies. See Defendant Rinat Lustig Zelenko's (I) Answer to First Amended Complaint and (II) Crossclaim, filed Jan. 27, 2023 (Docket # 37), at 11-13 ("Rinat Crossclaim"); Amended Answer to First Amended Interpleader Complaint with Cross-Claim, filed Feb. 24, 2023 (Docket # 52), ¶¶ 131-146 ("Cross-Claimant Crossclaim"). Cross-claimant Rinat Lustig Zelenko ("Rinat") now

---

[1] "Because a motion to transfer venue is non-dispositive, this Court will adjudicate it by order pursuant to 28 U.S.C. § 636(b)(1)(A), rather than by issuing a report and recommendation." Mulgrew v. U.S. Dep't of Transportation, 2024 WL 665948, at *1 n.1 (E.D.N.Y. Feb. 17, 2024) (collecting cases).

moves to transfer this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404.[2]  For the reasons set forth below, this motion is granted.

I. BACKGROUND

    A.    Factual Background

This action was initiated by Guardian in relation to four life insurance policies insuring the life of the Decedent.  Am. Compl. ¶ 1.  Guardian has been dismissed and the interpleader defendants are seeking a ruling as to who is entitled to the proceeds of one of these policies in the amount of $2,500,000.  See Kutner Decl. ¶ 8; Mem. at 9.  Rinat, the Decedent's wife at the time of his death, has crossclaimed against various other family members seeking the proceeds on the ground that the Decedent had signed a Change of Beneficiary Form designating her as the beneficiary before his death.  See Gielchinsky Decl. ¶ 9; see also Rinat Crossclaim.  Other family members of the Decedent — consisting of Frank Zelenko (Decedent's brother), Larisa Zelenko (Decedent's mother), Esther Zelenko (Decedent's oldest daughter), Levi Zelenko (Decedent's oldest son), and several minors (collectively, "Cross-Claimants"), see Gielchinsky Decl. ¶ 11 — have challenged the validity of this Change of Beneficiary Form, arguing that: (1) the Decedent lacked capacity to execute it; (2) the Decedent was subject to undue influence by Rinat; and (3) the Change of Beneficiary Form did not comply with Guardian's guidelines for changing beneficiaries, see Kutner Decl. ¶ 11; see also Cross-Claimant Crossclaim.

---

[2] See Defendant Rinat Lustig Zelenko's Notice of Motion for Change of Venue, filed Feb. 16, 2024 (Docket # 115), at 1-2 ("Mot."), 3-6 ("Gielchinsky Decl."), 7-11 ("Mem."); Declaration of Kenneth L. Kutner, filed Feb. 23, 2024 (Docket # 116) ("Kutner Decl."); Memorandum of Law in Opposition, filed Feb. 23, 2024 (Docket # 117) ("Opp."); Defendant Rinat Lustig Zelenko's Reply Memorandum of Law, filed Feb. 29, 2024 (Docket # 120) ("Reply").

B.     Procedural Background

On September 20, 2022, Rinat filed suit against Guardian in the United States District Court for the Southern District of Florida ("Florida Action"), seeking judgment for the entire $2,500,000 death benefit under the policy. See Am. Compl. ¶ 67; Mem. at 8; see also Complaint, Zelenko v. The Guardian Life Insurance Company of America, No. 22-cv-81460 (S.D. Fl. Sept. 20, 2022) (Docket # 1). Then on October 3, 2022, Guardian filed an interpleader complaint in the Southern District of New York, initiating the instant action. See Compl. Guardian alleged that the defendants — Rinat and the Cross-Claimants — had competing claims to the policy proceeds and sought to interplead the benefits payable under the policies. See id.

On January 17, 2023, Rinat and Guardian agreed to dismiss the Florida Action. See Mem. at 8. On June 28, 2023, the district court dismissed all claims asserted against Guardian in the instant action. See Agreed Order Discharging and Dismissing Guardian, filed June 28, 2023 (Docket # 76), ¶ 5(c). The district court noted that "the only matter remaining in this action pertaining to Guardian [is] its motion for an award of attorneys' fees." Id.

On December 22, 2023, Rinat filed an "unopposed" motion to transfer the case to the Southern District of Florida. See Defendants' Unopposed Motion for Change of Venue, filed Dec. 22, 2023 (Docket # 97). According to the motion, Cross-Claimants' counsel "advised that his clients [did] not object to the transfer of this case to the Southern District of Florida." Id. ¶ 9. Guardian filed an opposition to the motion, arguing that they did not consent to the transfer and still had an interest in the case given they expected to file a motion for attorney's fees. See Guardian Life Insurance Company of America's Opposition, filed Dec. 27, 2023 (Docket # 100). The Court therefore denied the motion without prejudice as it was not an "unopposed" motion and failed to comply with Local Civil Rule 7.1(a). See Memorandum Endorsement, filed Jan. 2,

3

2024 (Docket # 102). Several weeks later, Guardian deposited the funds with the Clerk, less a sum the parties agreed to pay to Guardian for its attorney's fees. See Agreed Order, filed Jan. 23, 2024 (Docket # 109). Shortly thereafter, on February 9, 2024, Rinat filed another motion to transfer venue to the Southern District of Florida, see Defendants' Motion for Change of Venue, filed Feb. 9, 2024 (Docket # 113), which was also denied for failing to comply with Local Civil Rule 7.1(a) as well as this Court's Individual Practices, see Order, filed Feb. 12, 2024 (Docket # 114).

On February 16, 2024, Rinat filed the instant motion to transfer venue.

II. LEGAL STANDARD

28 U.S.C. § 1404(a) provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Accord Starr Indem. & Liab. Co. v. Brightstar Corp., 324 F. Supp. 3d 421, 430 (S.D.N.Y. 2018). In Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, 571 U.S. 49 (2013), the Supreme Court clarified that

> Section 1404(a) is merely a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer.

Id. at 60. Here, Rinat seeks transfer to the United States District Court for the Southern District of Florida, which is "within the federal court system." See id. Thus, we analyze her application under 28 U.S.C. § 1404(a).

"In deciding whether to transfer a case from one judicial district to another, a court first examines whether the case could have been brought in the other district." Pence v. GEE Grp., Inc., 236 F. Supp. 3d 843, 849 (S.D.N.Y. 2017) (citing cases). If the case could have been

4

brought in the proposed transferee district, a court must then examine several factors, commonly referred to as "private" and "public-interest" factors. Id. at 850. The Second Circuit has held that "courts should give deference to a plaintiff's choice of forum." Iragorri v. United Techs. Corp., 274 F.3d 65, 70 (2d Cir. 2001). However, transfer may be appropriate where the moving party shows by "clear and convincing" evidence that the balance of convenience favors transfer. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010). The Second Circuit has listed the following factors as appropriate for consideration in determining whether to grant a motion to transfer venue:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

Id. at 112 (internal quotation marks omitted) (quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006)). Courts in this district have also considered "(8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice." Fellus v. Sterne, Agee & Leach, Inc., 783 F. Supp. 2d 612, 618 (S.D.N.Y. 2011); accord Tlapanco v. Elges, 207 F. Supp. 3d 324, 328 (S.D.N.Y. 2016), reconsideration denied, 2017 WL 4329789 (S.D.N.Y. Sept. 14, 2017); AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1, 675 F. Supp. 2d 354, 368 (S.D.N.Y. 2009). "There is no rigid formula for balancing these factors and no single one of them is determinative. Instead, weighing the balance 'is essentially an equitable task' left to the Court's discretion." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (citation omitted) (quoting First City Nat'l Bank & Tr. Co. v. Simmons, 878 F.2d 76, 80 (2d Cir. 1989)).

III. DISCUSSION

    A. Whether this Action Could Have Been Brought in the Southern District of Florida

As discussed above, we must first determine whether this action could have been brought in the Southern District of Florida. Cross-Claimants argue that the motion fails on this point because the claims between Rinat and the Cross-Claimants could not have been brought in the Southern District of Florida due to a lack of complete diversity. See Opp. at 2-3. We reject this argument, however, because "[f]or the purposes of section 1404(a), an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court." Posven, C.A. v. Liberty Mut. Ins. Co., 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004) (emphasis added); accord Lapushner v. Admedus Ltd., 2020 WL 777332, at *3 (S.D.N.Y. Feb. 14, 2020). As originally brought — that is, when Guardian filed its interpleader complaint against Rinat and the Cross-Claimants — there was subject matter jurisdiction under 28 U.S.C. § 1335 in any federal court because two or more of the claimants to the interpleader funds were of diverse citizenship. See Am. Compl. ¶¶ 5-22. Indeed, that is the basis for the jurisdiction the Court currently exercises. Cross-Claimants provide no other reason that the case could not have been brought in the Southern District of Florida and the Court is aware of none.

Accordingly, we now consider the application of the "public" and "private" factors applicable to motions to transfer under 28 U.S.C. § 1404(a).

    B. Whether the "Public" and "Private" Factors Favor Transfer to the Southern District of Florida

        1. Plaintiff's Choice of Forum

"A plaintiff's choice of forum is generally entitled to considerable weight and should not

be disturbed unless the balance of the factors is strongly in favor of the defendant. Where the factors are equally balanced, the plaintiff is entitled to its choice." Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) (citations omitted); accord In re Warrick, 70 F.3d 736, 740-41 (2d Cir. 1995) (per curiam) ("[Plaintiff's] choice of venue [is] 'entitled to substantial consideration.'") (quoting A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 444 (2d Cir. 1966)).

Here, none of the remaining parties is a "plaintiff" because the case was brought by Guardian as an interpleader action and Guardian is no longer in the case. "[W]here the plaintiff has no underlying interest in where the case is litigated, as in an interpleader action, courts need not defer to the plaintiff's choice of venue." In re Monies on Deposit in Accounts at Stearns Bank Nat. Ass'n, 2006 WL 3841518, at *1 (D. Minn. Dec. 29, 2006). Or, as one case puts it, "[i]n an interpleader action . . ., the named plaintiff has no real interest in where the dispute between the claimants is litigated; thus there is no reason to defer to its selection of forum." Wilmington Trust Co. v. Gillespie, 397 F. Supp. 1337, 1341 n.3 (D. Del. 1975); accord Emps. Sav. Plan of Mobil Oil Corp. v. Vickery, 99 F.R.D. 138, 144 (S.D.N.Y. 1983) ("[B]ecause of the interpleader nature of this action, this court finds no reason to begin its consideration with a presumption that plaintiffs' choice of forum is the convenient one.").

Accordingly, this factor is neutral in the transfer analysis. See Jackson Nat. Life Ins. Co. v. Economou, 557 F. Supp. 2d 216, 221 (D.N.H. 2008) ("[I]nterpleader actions do not use the 'plaintiff's choice' presumption.").

    2. Convenience of Witnesses and Parties

"The convenience of parties and witnesses is considered the essential criteri[on] under the venue statute." In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998)

(internal quotation marks omitted) (quoting Cento Grp., S.p.A. v. OroAmerica, Inc., 822 F. Supp. 1058, 1060 (S.D.N.Y. 1993)); accord Pence, 236 F. Supp. 3d at 856.  The convenience of witnesses, in particular, is often cited as the most important factor.  See, e.g., Tlapanco, 207 F. Supp. 3d at 329; SEC v. Comm. on Ways & Means of U.S. House of Representatives, 161 F. Supp. 3d 199, 227 (S.D.N.Y. 2015); Larew v. Larew, 2012 WL 87616, at *4 (S.D.N.Y. Jan. 10, 2012); AGCS Marine Ins. Co. v. Associated Gas & Oil Co., Ltd., 775 F. Supp. 2d 640, 647 (S.D.N.Y. 2011); Seltzer v. Omni Hotels, 2010 WL 3910597, at *2 (S.D.N.Y. Sept. 30, 2010).  "In evaluating this factor, the court should 'look beyond the quantity of witnesses and assess the quality of the testimony to be offered.'"  DealTime.com Ltd. v. McNulty, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000) (quoting Am. All. Ins. Co. v. Sunbeam Corp., 1999 WL 38183, at *6 (S.D.N.Y. Jan. 28, 1999)).  Accordingly, the movant "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."  Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978); accord Pence, 236 F. Supp. 3d at 856; Nuss v. Guardian Life Ins. Co. of Am., 2021 WL 1791593, at *4 (S.D.N.Y. May 5, 2021).[3]  Finally, "[t]he convenience of non-party witnesses generally carries more weight than the convenience of party witnesses."  Herbert Ltd. P'ship v. Elec. Arts Inc., 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004).

Here, Rinat provides the state of residence for the remaining parties, excluding parties who are minors, and "anticipated trial witnesses."  See Gielchinsky Decl. ¶¶ 11-12.  Aside from

---

[3] Nevertheless, "a specific showing is required only when the movant seeks a transfer solely 'on account of the convenience of witnesses.' . . . [If the movant] seeks a transfer 'on account of' several factors, his failure to specify key witnesses and their testimony is not fatal."  Connors v. Lexington Ins. Co., 666 F. Supp. 434, 455 (E.D.N.Y. 1987) (emphasis in original) (quoting Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978)); accord Larew, 2012 WL 87616, at *4.

one party, Levi Zelenko, all parties reside in Florida. See id. ¶ 11. Importantly, the critical witnesses in this case, that is those who were present for the signing of the Change of Beneficiary Form, "all reside in South Florida." Id. ¶ 10. Indeed, the only list of trial witnesses in the record, which was provided by Rinat, reflects that out of 12 witnesses, nine reside in Florida and the remaining three do not reside in New York or anywhere nearby. See id. ¶ 12. Thus, this factor weighs heavily in favor of transferring the action to the Southern District of Florida.

### 3. Location of Documents

"In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly. Furthermore, the location of documents is entitled to little weight unless [the movant] makes a detailed showing of the burden it would incur absent transfer." Larew, 2012 WL 87616, at *5 (alteration in original) (internal quotation marks omitted) (quoting Seltzer, 2010 WL 3910597, at *4); accord Tlapanco, 207 F. Supp. 3d at 330-31 ("The location of relevant documents and the ease of access to sources of proof is mostly a neutral factor, in light of 'the technological age in which we live, where there is widespread use of, among other things, electronic document production.'") (quoting Rindfleisch v. Gentiva Health Sys. Inc., 752 F. Supp. 2d 246, 258 (E.D.N.Y. 2010)). No party addresses how this factor applies to this case. Accordingly, this factor is neutral.

### 4. Locus of Operative Facts

"The locus of operative facts is a primary factor in determining whether to transfer venue." Tianhai Lace USA Inc. v. Forever 21, Inc., 2017 WL 4712632, at *4 (S.D.N.Y. Sept. 27, 2017) (internal quotation marks omitted) (quoting Steck v. Santander Consumer USA Holdings, Inc., 2015 WL 3767445, at *6 (S.D.N.Y. June 17, 2015)). Here, the operative facts

9

revolve around the signing of the Change of Beneficiary Form, which took place at the Decedent's home in South Florida. See Gielchinsky Decl. ¶ 10. Thus, this factor weighs in favor of transfer.

6. Availability of Compulsory Process

Pursuant to Federal Rule of Civil Procedure 45(c)(1)(A), a district court generally cannot issue a subpoena that would compel a non-party witness to travel more than 100 miles or out of state. As discussed above, the vast majority of witnesses — including the witnesses to the execution of the Change of Beneficiary Form — reside in Florida and are thus outside the subpoena power of the Southern District of New York. Accordingly, this factor weighs in favor of transfer.

7. Relative Means of the Parties

"Where disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered." Berman, 30 F. Supp. 2d at 659; accord Zinky Elecs. LLC v. Victoria Amplifier Co., 2009 WL 2151178, at *7-8 (D. Conn. June 24, 2009). Neither party has presented any argument related to this factor. Accordingly, it is neutral in our analysis.

8. Forum's Familiarity with the Governing Law

A court's familiarity with the governing law is generally given little weight, as "federal courts commonly apply state substantive law, which may not be the law of the state in which the federal court sits." Freeplay Music, LLC v. Gibson Brands, Inc., 2016 WL 4097804, at *5 (S.D.N.Y. July 18, 2016) (internal quotation marks omitted) (quoting Kwik Goal, Ltd. v. Youth Sports Publ'g, Inc., 2006 WL 1517598, at *4 (S.D.N.Y. May 31, 2006)). Most courts analyzing this factor consider it to be neutral where a different state's substantive law applies. See, e.g.,

Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc., 2023 WL 8650266, at *3 (S.D.N.Y. Dec. 14, 2023); Iconic IP Holdings, L.L.C. v. Gerrit's Brands, Inc., 2021 WL 7543607, at *6 (E.D.N.Y. May 21, 2021). While Rinat indicates that "Florida law applies to the allegations at issue," Reply ¶ 3, this factor is neutral given a federal court's ability to apply the law of varying states.

          9. <u>Trial Efficiency and the Interest of Justice</u>

"The Court's consideration of whether transfer is in the interest of justice is based on the totality of the circumstances, and relates primarily to issues of judicial economy[.]" Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 407 (S.D.N.Y. 2005) (internal quotation marks and citations omitted); accord Richardson v. Nat'l R.R. Passenger Corp., 2022 WL 3701492, at *6 (S.D.N.Y. Aug. 26, 2022). One of these circumstances is the posture of the case. See, e.g., Richardson, 2022 WL 3701492, at *6. "When a case is in its earliest stages, it is generally not inefficient to transfer the case." Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc., 202 F. Supp. 3d 399, 411 (S.D.N.Y. 2016). By contrast, the further along a case is in the litigation process, the less efficient a transfer would be. See id. (finding that transfer would be inefficient when "the parties are only two months away from the close of discovery"). A court's familiarity with the case is certainly an issue to be considered in connection with this factor. See, e.g., Haber v. ASN 50th St., LLC, 2011 WL 1226282, at *2 (S.D.N.Y. Mar. 30, 2011) ("Given this Court's familiarity with the action," as well as the fact that "[d]iscovery is nearly complete, . . . . judicial economy weighs strongly in favor of a final adjudication by this Court."); Mears v. Montgomery, 2004 WL 964093, at *10 (S.D.N.Y. May 5, 2004) (consideration of trial efficiency weighed against transfer because "[t]o transfer this case now, when it is on the brink of proceeding to trial, would further delay the resolution of plaintiff's

11

claims while wasting the considerable judicial resources thus far expended"); Mattel, Inc. v. Robarb's, Inc., 139 F. Supp. 2d 487, 491 (S.D.N.Y. 2001) (denying motion to transfer where "the parties have already expended considerable time and expense," and finding it inefficient to "require another court to become familiar with this action"), on reconsideration in part, 2001 WL 797478 (S.D.N.Y. July 12, 2001).

Cross-Claimants note that this case is at a "late point in the litigation" inasmuch as "[d]epositions of all party witnesses have already taken place and the deadline for completion of discovery is May 3, 2024, and the deadline to file motions for summary judgment is June 14, 2024." Opp. at 3. To be sure, the case was filed nearly a year-and-a-half ago and discovery will conclude soon. However, in all that time, neither the undersigned nor the district judge have adjudicated any substantive motions or even any discovery disputes relating to the claims between Rinat and the Cross-Claimants. The only significant orders issued related to the deposit of the interpleader funds and the discharge of Guardian — matters that no longer require adjudication. Aside from information obtained during a settlement conference, which is not appropriately considered by the Court in any substantive adjudication, the Court has acquired no knowledge of the substance of the dispute in this case. Thus, this is not a situation where "this Court has gained familiarity with this action that would be lost upon transfer" to another district. Starr Indem. & Liab. Co., 324 F. Supp. 3d at 422. As a result, transfer would not result in a loss of judicial efficiency, and therefore we consider this factor to be neutral.

\*    \*    \*

Given that none of the factors weigh against transfer, and the most important factor — the location of the witnesses — strongly favors transfer, Rinat has established by "clear and convincing evidence," N.Y. Marine & Gen. Ins. Co., 599 F.3d at 114, that the case should be

transferred to the Southern District of Florida.

Conclusion

For the reasons stated above, Rinat has made a meritorious motion to transfer this case to the Southern District of Florida. The Court will delay issuing the order of transfer, however, until 14 days has elapsed to allow a party to seek a stay of the transfer in the event that any party seeks review of this Opinion and Order pursuant to Federal Rule of Civil Procedure 72(a) and files a motion for a stay pending that review.[4] In the absence of an order granting such a stay, however, the Court will direct the Clerk to effectuate the transfer. Also, within 14 days of the issuance of this Opinion and Order, the parties shall submit a proposed order to transfer the interpleaded funds to the Clerk of the Court for the Southern District of Florida.

Dated: March 19, 2024
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[4] Any motion for a stay must be made in the first instance to the undersigned. The Court's pre-motion conference requirement is waived for such a motion.